IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MORGAN COHEN, by her guardians and next friends, Jayson and Michelle Cohen, JAYSON COHEN, individually, and MICHELLE COHEN, individually,<br>　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>CHESTER COUNTY DEPARTMENT OF MENTAL HEALTH/INTELLECTUAL DISABILITIES SERVICES,<br>GARY ENTREKIN, in his official and individual capacity,<br>BRIDGET THRASH, in her official and individual capacity,<br>COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF HUMAN SERVICES,<br>TED DALLAS, Secretary, Department of Human Services, in his official and individual capacity,<br>BEVERLY MACKERETH, formerly Secretary, Department of Human Services, in her individual capacity,<br>GARY ALEXANDER, former Secretary of Human Services, in his individual capacity,<br>COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF HUMAN SERVICES, OFFICE OF DEVELOPMENTAL PROGRAMS,<br>NANCY THALER, Deputy Secretary of Human Services for the Office of Developmental Programs, in her official and individual capacity,<br>STEPHEN SUROVIEC, former Deputy Secretary of Human Services for the Office of Developmental Programs, in his individual capacity,<br>DOLORES FRANTZ, former Deputy Secretary of Human Services for the Office of Developmental Programs, in her individual capacity,<br>FRED LOKUTA, former Deputy Secretary | CIVIL ACTION<br><br><br><br><br>NO.  15-5285 |

**of Human Services for the Office of Developmental Programs, in his individual capacity,**
**KEVIN M. FRIEL, former Deputy Secretary of Human Services for the Office of Developmental Programs, in his individual capacity ,**
     **Defendants.**

# O R D E R

  **AND NOW**, this 24th day of May, 2016, upon consideration of Chester County Defendants' Motion to Dismiss Plaintiffs' Complaint Pursuant to Rule 12(b)(6) and Rule 12(e) (Document No. 14, filed December 9, 2015), and Commonwealth Defendants' Motion to Dismiss Plaintiffs' Complaint (Document No. 22, filed January 29, 2016), and the related filings of the parties, for the reasons stated in the Memorandum dated May 24, 2016, **IT IS ORDERED** as follows:

  1. That part of the County Defendants' Motion to Dismiss which seeks dismissal of all claims against defendant Chester County Department of Mental Health/Intellectual Disabilities Services is **GRANTED**.  Plaintiffs' Due Process claims under § 1983 (Count V) against defendant Chester County Department of Mental Health/Intellectual Disabilities Services is **DISMISSED WITH PREJUDICE**.  All other claims against defendant Chester County Department of Mental Health/Intellectual Disabilities Services are **DISMISSED WITHOUT PREJUDICE** to plaintiffs' right to file an amended complaint naming Chester County as a defendant within twenty (20) days if warranted by the facts and applicable law;

2. That part of the Motions to Dismiss which seeks dismissal of plaintiffs' Title XIX of the Social Security Act claims under § 1983 (Count III) is **GRANTED IN PART AND DENIED IN PART** as follows:

   a. That part of the Commonwealth Defendants' Motion to Dismiss which seeks the dismissal of plaintiffs' Medicaid Act claims under § 1983 (Count III) against defendant Commonwealth of Pennsylvania Department of Human Services and defendant Commonwealth of Pennsylvania, Department of Human Services, Office of Developmental Programs is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE**;

   b. That part of the County Defendants' Motion to Dismiss which seeks the dismissal of plaintiffs' Medicaid Act claims under § 1983 (Count III) against defendants Entrekin and Thrash in their official capacities is **GRANTED**, and these claims are **DISMISSED WITH PREJUDICE**;

   c. That part of the Motions to Dismiss which seeks the dismissal of plaintiffs' Medicaid Act claims under § 1983 (Count III) against defendants Dallas, Mackereth, Alexander, Thaler, Suroviec, Frantz, Friel, Entrekin, and Thrash in their individual capacities is **GRANTED**, and these claims are **DISMISSED WITHOUT PREJUDICE** to plaintiffs' right to file an amended complaint within twenty (20) days if warranted by the facts and applicable law;

   d. That part of the Commonwealth Defendants' Motion to Dismiss which seeks the dismissal of plaintiffs' Medicaid Act claims under § 1983 (Count III) against defendants Dallas and Thaler in their official capacities is **DENIED**;

3. That part of the Motions to Dismiss which seeks the dismissal of plaintiffs' Equal Protection claims under § 1983 (Count IV) and common law claims for intentional infliction of emotional distress (Count VII[1]) against all defendants is **GRANTED**, and Counts IV and VII are **DISMISSED WITHOUT PREJUDICE** to plaintiffs' right to file an amended complaint within twenty (20) days if warranted by the facts and applicable law.

4. That part of the Motions to Dismiss which seeks the dismissal of plaintiffs' Due Process claims under § 1983 (Count V) against all defendants is **GRANTED**, and Count V is **DISMISSED WITH PREJUDICE**;

5. That part of the County Defendants' Motion to Dismiss which seeks the dismissal of plaintiffs' claims under the Pennsylvania Mental Health/Intellectual Disability Act of 1966 (Count VI) against all County defendants is **GRANTED**, and Count VI is **DISMISSED WITHOUT PREJUDICE** to plaintiffs' right to provide the Court with authority establishing that they have a private right of action to enforce the applicable provisions of the MH/ID Act and to seek reconsideration of such dismissal on that ground;

6. The Motions to Dismiss are **DENIED IN ALL OTHER RESPECTS**.

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**

---

[1] The Complaint incorrectly identifies this claim as a second "Count VI."